[Cite as *State v. Blakeley*, 2012-Ohio-5531.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

STATE OF OHIO                               :
                                            :        Appellate Case No. 2012-CA-4
            Plaintiff-Appellee              :
                                            :        Trial Court Case No. 11-CRB-3437
v.                                          :
                                            :
ELI J. BLAKELEY                             :        (Criminal Appeal from
                                            :         Miami County Municipal Court)
            Defendant-Appellant             :
                                            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

ANDREW H. JOHNSTON, Miami County Municipal Prosecutor's Office, 201 West Main
Street, Troy, Ohio 45373
            Attorney for Plaintiff-Appellee

ELI J. BLAKELEY, 269 Mill Place, New Lebanon, Ohio 45345
            Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Eli Blakely appeals from his conviction for Public

Indecency and the imposition of a $50 fine, along with court costs.   Blakely contends that his

trial counsel provided ineffective assistance by failing to present evidence and ask questions of witnesses at trial that Blakely believes would have proven his innocence. We conclude that Blakely has failed to show that he was prejudiced by any alleged errors of his trial counsel. Accordingly, the judgment of the trial court is Affirmed.

## I. An Eyewitness Sees Blakely Expose His Private Parts

{¶ 2} In October 2011, a woman driving on State Route 718 saw Eli Blakely on the side of the road near the back bumper of his car. According to the woman, Blakely was nude and appeared to be squatting as if he was defecating. The eyewitness obtained Blakely's license plate number and called the sheriff's department. A sheriff's deputy questioned Blakely later that day. Blakely admitted that he was outside his car at the location described by the eyewitness, but he denied being nude when the eyewitness passed by in her car. When questioned about brown residue on his car's bumper, Blakely stated that the brown residue was horse manure, not human fecal matter.

{¶ 3} Blakely was charged with Public Indecency, a fourth-degree misdemeanor, in violation of R.C. 2907.09(A)(1). At the trial, Blakely testified on his own behalf and the eyewitness and a sheriff's deputy testified for the State. Blakely was found guilty of Public Indecency and was ordered to pay a $50 fine and court costs. From this judgment, Blakely appeals.

## II. Blakely Failed To Demonstrate That He Was Prejudiced
## By His Trial Counsel's Alleged Errors

{¶ 4} Blakely has filed a one-page "Brief to appeal conviction." This appellate brief does not comply with App.R. 16(A) in several respects. For example, Blakely failed to include a statement of facts, statement of the case, statement of the assignments of error, statement of the issues presented for review, or citations to the record on which he relies. App.R. 16(A)(3)-(6).

{¶ 5} Blakely essentially complains that his trial counsel failed to present certain evidence at his trial, including the audiovisual recording from the sheriff deputy's cruiser, and failed to ask questions that Blakely wanted his counsel to ask the witnesses at trial. We construe Blakely's one-page brief as raising a claim of ineffective assistance of trial counsel.

{¶ 6} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 7} Blakely contends that "[g]iven the evidence currently in my position [sic] and the video and audio evidence if they still exists [sic], I believe that I can prove beyond reasonable doubt that my accuser was mistaken about my actions that day[.]" Blakely states that this audio and video evidence would allow him to dispute inconsistencies in the incident report. But Blakely does not identify what those inconsistencies are or how the audio and

video evidence would help prove these inconsistencies.

{¶ 8} Blakely also contends that "Once in the court room I had brought with me photos of where the incident had taken place, paperwork about my injuries that would have case [sic] serious doubt on my alleged actions and a list of questions I wanted asked of my accuser none of which [my trial counsel] used." Once again, Blakely does not explain what is contained in the photos or what questions he wanted his trial counsel to ask the witnesses at trial. In short, Blakely has failed to show how, but for his trial counsel's alleged errors, there is a reasonable probability that the result of the proceeding would have been different. Consequently, Blakely cannot establish the prejudice required for a successful claim of ineffective assistance of counsel.

{¶ 9} Blakely's inferred assignment of error is overruled.

### III. Conclusion

{¶ 10} Blakely's assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Andrew H. Johnston
Eli J. Blakeley
Hon. Mel Kemmer